UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEEL WAREHOUSE CLEVELAND, LLC, | ) ) ) | Case No. 1:22-cv-01900 |
| Plaintiff, | ) ) | Judge J. Philip Calabrese |
| v. | ) ) ) | Magistrate Judge Jonathan D. Greenberg |
| VELOCITY OUTDOOR, INC., | ) ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

This case involves a contract dispute between Plaintiff Steel Warehouse Cleveland, LLC, and Defendant Velocity Outdoor, Inc. Plaintiff named a second Defendant, Crosman Corporation, but the Court dismissed Crosman from the case when Plaintiff failed to perfect service. (ECF No. 11.) Velocity Outdoor moves to dismiss Plaintiff's amended complaint for failure to state a claim on which the Court may grant relief. (ECF No. 9, PageID #65.) For the reasons that follow, the Court **GRANTS** Defendant's motion to dismiss.

## FACTUAL BACKGROUND

The Court takes the following allegations in Plaintiff's amended complaint as true and construes them in Plaintiff's favor, as the Court must in this procedural posture. In Plaintiff's amended complaint, Plaintiff makes each of its allegations against "Velocity and/or Crosman." (ECF No. 8, PageID #60–63.)

Plaintiff Steel Warehouse Cleveland operates under the name Chesterfield Steel and produces steel. (ECF No. 8, ¶¶ 1 & 13, PageID #59 & #61.) Velocity Outdoor and/or Crosman's business relationship with Chesterfield Steel dates back at least 35 years. (*Id.*, ¶¶ 9–10, PageID #60.) Plaintiff alleges that this business relationship involved Velocity Outdoor and/or Crosman providing Chesterfield Steel with forecasts for how much specialized slit steel it needed. (*Id.*, ¶ 10, PageID #60.) Chesterfield Steel alleges it corresponds and conducts business with Velocity and Crosman as if they were a single entity. (*Id.*, ¶ 9, PageID #60.) Plaintiff provided Velocity Outdoor and/or Crosman with approximately 3 million pounds of steel in each of 2019, 2020, and 2021. (*Id.*, ¶¶ 11–13, PageID #60–61.) Chesterfield Steel specially manufactured and cut this steel for Velocity Outdoor and/or Crosman, and it is not suitable for sale to other customers. (*Id.*, ¶¶ 17 & 18, PageID #61.)

To deliver the steel on time, Chesterfield Steel required estimates of load quantities from Velocity Outdoor and/or Crosman two quarters in advance of the date when Velocity Outdoor and/or Crosman needed the steel. (*Id.*, ¶ 14, PageID #61.) In August 2021, Velocity Outdoor and/or Crosman allegedly informed Chesterfield Steel that it intended to order eight loads of steel per month in 2022, which is comparable to the orders Chesterfield Steel delivered in 2019, 2020, and 2021. (*Id.*, ¶¶ 15 & 16, PageID #61.) In June 2022, Velocity Outdoor and/or Crosman stopped placing orders with Chesterfield Steel. (*Id.*, ¶ 19, PageID #61.) Velocity Outdoor and/or Crosman allegedly refused to purchase 1,830,366 pounds of remaining specialized and cut steel

2

that Chesterfield Steel produced in reliance on Velocity Outdoor and/or Crosman's forecasted needs. (*Id.*, ¶¶ 19–21, PageID #61.)

## STATEMENT OF THE CASE

Plaintiff asserts two claims against Velocity Outdoor and Crosman: breach of contract (Count I) and promissory estoppel (Count II). (ECF No. 8, ¶¶ 22–27 & 28–32, PageID #61–63.) Velocity Outdoor moves to dismiss both counts for failure to state a claim under Rule 12(b)(6) and seeks summary judgment as a matter of law under Rule 56. (ECF No. 9, PageID #65.) Plaintiff's deadline to oppose the motions was December 23, 2022, but it failed to do so. Also, Plaintiff failed to perfect service on Defendant Crosman. By separate Order, the Court dismissed Crosman from the case without prejudice. Therefore, this ruling addresses only Plaintiff's claims against Velocity Outdoor.

## ANALYSIS

At the motion to dismiss stage, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must "state[] a claim for relief that is plausible, when measured against the elements" of the cause of action Plaintiff asserts. *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing *Binno v. American Bar Ass'n*, 826 F.3d 338, 345–46 (6th Cir. 2016)). To meet Rule 8's pleading standard, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

3

678 (citing *Twombly*, 550 U.S. at 556). To state a claim, a complaint must "raise a right to relief above the speculative level" into the "realm of plausible" liability. *Twombly*, 550 U.S. at 555, 557.

In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to the plaintiff, accepts the factual allegations of the complaint as true, and draws all reasonable inferences in the plaintiff's favor. *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015). The Court distinguishes between well-pled factual allegations, which it must treat as true, and "naked assertions," which it need not treat as true. *Iqbal*, 556 U.S. at 678–79. The Court will also not accept as true "[c]onclusory allegations or legal conclusions masquerading as factual allegations[.]" *Eidson v. Tennessee Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

## I. Inconsistent Parties

The Court begins by addressing a threshold matter concerning the parties to this suit. Plaintiff originally filed a complaint against Velocity Outdoor alleging the facts stated above and a single claim for breach of contract. (ECF No. 1-1.) Defendant moved to dismiss and for summary judgment on October 21, 2022. (ECF No. 2.) In its motion, Defendant averred that Velocity Outdoor "does not even manufacture or distribute products" (ECF No. 2-1, PageID #26) and argued that Plaintiff failed to plead the elements of a breach of contract claim (*id.*, PageID #32–33). Defendant acknowledged that Plaintiff previously had a business relationship with a subsidiary of Defendant, Crosman Corporation. (*Id.*, PageID #27.)

4

On November 11, 2022, Plaintiff amended, adding Crosman Corporation as a Defendant and adding a second count, promissory estoppel. (ECF No. 8.) As the Court noted above, throughout the amended complaint, Plaintiff asserts every allegation against "Velocity and/or Crosman." (ECF No. 8, ¶¶ 10–32, PageID #60–-63.) Plaintiff is entitled to plead in the alternative. *See* Fed. R. Civ. P. 8(d); *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 796 (6th Cir. 2016). However, by amending the complaint to add Crosman after Velocity Outdoor filed its original motion to dismiss, Plaintiff implicitly acknowledges that it has no contractual relationship with movant Velocity Outdoor. Further, for the reasons explained more fully below, Plaintiff's "and/or pleading" gambit falls short of the basic requirements of Rule 8 and *Twombly*.

## II. Breach of Contract

Plaintiff asserts that Velocity breached a contract under which Plaintiff would provide Defendant with specialized slit steel. (ECF No. 8, ¶¶ 22–27, PageID #61–62.) "To establish a claim for breach of contract, a plaintiff must prove: (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages or loss resulting from the breach." *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 276 (6th Cir. 2019) (citing *Claris, Ltd. v. Hotel Dev. Servs., LLC*, 2018-Ohio-2602, 104 N.E.3d 1076, ¶ 28 (Ohio Ct. App.)). "A contract . . . may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence" of the contract. Ohio Rev. Code

§ 1302.07(A). "[A]n offer to make a contract shall be construed as inviting acceptance in any manner . . . reasonable in the circumstances." Ohio Rev. Code § 1302.09(A)(1).

"To prove the existence of a contract, a plaintiff must show that both parties consented to the terms of the contract, that there was a 'meeting of the minds' of both parties, and that the terms of the contract are definite and certain." *Nilavar v. Osborn,* 137 Ohio App. 3d 469, 484, 738 N.E.2d 1271, 1281–82 (Ohio Ct. App. 2000) (quoting *McSweeney v. Jackson*, 117 Ohio App. 3d 623, 631, 691 N.E.2d 303, 308 (Ohio Ct. App. 1996)). An expression of intent to an accept an offer in the future is not acceptance. *JSW Steel USA Ohio, Inc. v. Marubeni-Itochu Steel America, Inc.*, No. 2:20 CV 3415, 2022 WL 18572393, at * 4 (S.D. Ohio Apr. 14, 2022) (citing *Camden v. Klain,* No. 93APE11-1518, 1994 WL 232233, at *3 (Ohio Ct. App. May 26, 1994)).

Here, Plaintiff asserts that it made an inquiry to Velocity Outdoor and/or Crosman regarding the forecasted order quantities for steel in 2022. (ECF No. 8, ¶ 15, PageID #61.) Velocity Outdoor and/or Crosman allegedly gave Plaintiff an estimate of eight loads per month. (*Id.,* ¶ 16, PageID #61.) Construing the facts in the light most favorable to Plaintiff, Chesterfield Steel's inquiry could be construed as an offer by Velocity Outdoor to sell steel. But a forecast does not amount to acceptance. It is merely an estimate, not a contract, because there is no allegation that the parties established definite and certain material terms for a contract—for example, price. *Nilavar,* 738 N.E.2d at 1281–82 (quoting *McSweeney,* 691 N.E.2d at 308).

6

Even liberally construing the allegations of the amended complaint in Plaintiff's favor, an exchange of forecasted estimates in 2022 cannot be construed as a meeting of the minds between Chesterfield Steel and Velocity Outdoor and/or Crosman. *Id*. Rather, Plaintiff's assertions indicate that Velocity Outdoor and/or Crosman anticipated potentially contracting with Chesterfield Steel by stating that it expected to need eight loads of specially procured and cut steel per month in 2022. *See General Motors Corp. Inc. v. Keener Motors, Inc.,* 194 F.2d 669, 675–76 (6th Cir. 1952).

Plaintiff has not provided a contract between the parties or alleged that a written contract exists. And Plaintiff has not plausibly alleged the elements of a contract. *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d at 276 (citing *Claris, LLC*, 104 N.E.3d at 1083). Additionally, even if the course of dealing arguably implies an acceptance, the amended complaint pleads breach of contract against "Velocity and/or Crosman," failing to raise a right to relief from Velocity Outdoor above the speculative level. That is, the amended complaint makes it equally possible that Chesterfield Steel's claim should properly be asserted against Crosman.

For these reasons, the Court **GRANTS** Defendant Velocity Outdoor's motion to dismiss Plaintiff's breach of contract claim and **DISMISSES** Count I.

### III. Promissory Estoppel

Plaintiff avers that it relied on Velocity Outdoor and/or Crosman's forecast to purchase specially procured and cut steel when it produced approximately 1,830,366 pounds of that steel. (ECF No. 8, ¶ 30, PageID #62.) According to Plaintiff's amended

7

complaint, this reliance provides the basis for a claim for promissory estoppel against Velocity Outdoor and/or Crosman. (*Id.*, ¶¶ 28–32, PageID #62–63.) To state a promissory estoppel claim, a party must establish that: (1) Defendant made a clear and unambiguous promise; (2) on which it would be reasonable and foreseeable for Plaintiff to rely; (3) actual reliance on the promise; and (4) injury as a result of the reliance. *Simon v. Aulino*, 2020-Ohio-6962, 165 N.E.3d 706, ¶ 62 (Ohio Ct. App.) (quoting *McCroskey v. Ohio*, 8 Ohio St. 3d 29, 30, 456 N.E.2d 1204, 1205 (1983)).

Here, Plaintiff relies on the assertion that it made an inquiry to Defendant—either Velocity Outdoor and/or Crosman—about its forecasted steel orders for 2022, and one or the other Defendant responded that it expected to order eight loads of steel per month. (ECF No. 8, ¶¶ 15 & 16, PageID #61.) Plaintiff maintains this was a manifestation of a promise to purchase steel on which it relied in producing the steel, and on which this claim relies. (ECF No. 8, ¶¶ 29 & 30, PageID #62.) Assuming, at the pleading stage, that Defendant's statement is a clear and unambiguous promise to purchase steel from Chesterfield Steel, Plaintiff fails to state a claim against Velocity Outdoor under Rule 8.

Plaintiff alleges that Velocity Outdoor and/or Crosman communicated the 2022 steel forecast. (ECF No. 8, ¶¶ 16 & 29, PageID #61 & #62.) Rule 8 and *Twombly*'s pleading standard require Plaintiff to assert a plausible allegation that Defendant promised to order steel. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Throughout the amended complaint, Plaintiff uses "and/or" as a catch-all to assert allegations against Velocity Outdoor and Crosman. As currently pled, however, the

8

issue of which entity made that statement is in equipoise because Plaintiff's "and/or" construction leaves it just as likely that either Velocity Outdoor or Crosman engaged in the conduct alleged—but not plausible that either in particular did so. This method of pleading fails to connect any particular defendant to any particular allegation. Because Plaintiff does not specify which actions either Defendant undertook, this form of pleading fails to raise the right to relief from a particular Defendant above the speculative level. *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 n.9 (8th Cir. 2009) (en banc).

If anything, Plaintiff's amendment after Velocity Outdoor asserted that Crosman had a business relationship with Chesterfield Steel in the past makes a promissory estoppel claim against Crosman plausible, while rendering the same claim against movant Velocity Outdoor implausible. Failing to identify the party that made the alleged promise that is at the center of a promissory estoppel claim falls short of Rule 8 and *Twombly*'s pleading standards. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Therefore, the Court **GRANTS** Defendant Velocity Outdoor's motion to dismiss Plaintiff's promissory estoppel claim and **DISMISSES** Count II.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Velocity Outdoor's motion to dismiss Counts I and II under Rule 12(b)(6). To the extent Velocity Outdoor seeks a summary judgment on Plaintiff's claims, the Court **DENIES** that motion as moot.

9

**SO ORDERED.**

Dated:  February 28, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio